**FILED - GR**
March 8, 2010 3:32 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _ald_/_____

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| **Shelly Donahue,** )<br><br>Plaintiff, )<br><br>v. )<br><br>**Meyer & Njus, P.A.,**<br>a Minnesota corporation, )<br><br>Defendant. ) | Hon. |

**1:10-cv-238**
**Paul L Maloney**
**Chief U.S. District Judge**

### Complaint

**I.     Introduction**

1.     This is an action for damages brought against a debt collector for violating the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* Michigan Collection

Practices Act ("MCPA"), M.C.L. § 445.251 *et seq.,* and/or Michigan Occupational Code

("MOC"), M.C.L § 339.901 *et seq.*

**II.     Jurisdiction**

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C.

§ 1331.  This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28

U.S.C. § 1367.  Venue in this judicial district is proper because the pertinent events took place

here.

**III.     Parties**

3.     Plaintiff Shelly Donahue is a natural person residing in Barry County, Michigan.

Ms. Donahue is a "consumer" and "person" as the terms are defined and/or used in the FDCPA.

1

Ms. Donahue is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MCPA and MOC.

    4.    Defendant Meyer & Njus, P.A. ("Meyer") is Minnesota corporation. Meyer is registered to do business in Michigan. The registered agent for Meyer in Michigan is John S. Zhang, 21415 Civic Center Drive, Suite 301, Southfield, Michigan 48076. According to its website (www.meyernjus.com), Meyer is a law firm, specializing in "Consumer Collections." Meyer uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Meyer regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Meyer is a "debt collector" as the term is defined and/or used in the FDCPA. Meyer is a "regulated person" as the term is defined and/or used in the MCPA. Alternatively, Meyer is a "collection agency" and a "licensee" as the terms are defined and/or used in the MOC.

**IV.    Facts**

    5.    Ms. Donahue had a credit account with GE Money Bank (**** **** **** 6415) which she used to purchase goods and/or services for personal, family and household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and used in the FDCPA, MCPA and MOC.

    6.    Ms. Donahue and GE Money Bank had a disagreement regarding the amount of the alleged debt.

    7.    Ms. Donahue disputes the alleged debt.

    8.    Ms. Donahue refuses to pay the alleged debt.

    9.    GE Money Bank or a successor in interest hired Meyer to collect the allged debt

2

from Ms. Donahue.

10.    Alternatively, Meyer purchased the alleged debt after the account allegedly was in default.

11.    By letter dated February 18, 2010, Meyer wrote Ms. Donahue and demanded payment of the debt. The letter invited Ms. Donahue to telephone Meyer to discuss the matter. The letter was the first communication between Meyer and Ms. Donahue regarding the debt.

12.    On or about March 2, 2010, Ms. Donahue spoke by telephone with a Meyer employee identified as "Krista." In the ensuing conversation, the Meyer employee made the following representations:

   a)    GE Money Bank had charged off the debt for $790.00.

   b)    Since the date of charge off, the amount owed on the account had increased to $947.92.

   c)    Derogatory information regarding the account likely was being reported by the credit bureaus on Ms. Donahue's credit report.

   d)    It was not true that after a period of time, derogatory information regarding the debt could not be reported on Ms. Donahue's credit report, even if she never paid the debt.

   e)    At the end of March 2010, Ms. Donahue's file would be reviewed for litigation, which would make things worse for Ms. Donahue.

Ms. Donahue stated that she wished to dispute the debt. Hearing that, the Meyer employee stated that disputing the debt would not stop the litigation and that Meyer would proceed to sue Ms. Donahue. The Meyer employee then put Ms. Donahue on hold. Moments later, Ms. Donahue

3

was transferred to a second Meyer employee identified only as Frank. The second Meyer

employee stated that he was a "Collections Supervisor" for Meyer. The second Meyer employee

asked Ms. Donahue why she was disputing the debt. Ms. Donahue stated that she disputed the

amount claimed. In the ensuing conversation, the second Meyer employee made the following

representations:

f)      Ms. Donahue could not dispute the debt orally.

g)      Ms. Donahue could not dispute the debt by telephone.

h)      Ms. Donahue could only dispute the debt in writing.

i)      To dispute the debt, Ms. Donahue was required to dispute the debt in writing, by
        March 18, 2010.

j)      Ms. Donahue's oral statement by telephone that she disputed the debt was not a
        dispute.

k)      Ms. Donahue's statement that she disagreed with the amount of the debt was not
        considered to be a dispute of the debt.

l)      In order to dispute the debt, Ms. Donahue was required to provide Meyer with a
        reason why she disputed the debt.

m)      Ms. Donahue could not dispute the debt unless she was claiming that the charges
        were false, fraudulent or the like.

13.     The Fair Credit Reporting Act,15 U.S.C. § 1681 *et seq.,* states that no consumer

reporting agency may make any consumer report containing information regarding "accounts

placed for collection or charged to profit and loss which antedate the report by more than seven

years." 15 U.S.C. § 1681c(a)(4). The running of the seven-year period begins "upon the

4

expiration of the 180-day period beginning on the date of the commencement of the delinquency
which immediately preceded the collection activity, charge to profit and loss, or similar action."
15 U.S.C. § 1681c(c)(1).

14.    The first Meyer employee made false statements regarding the length of time for
which derogatory information regarding the debt could be reported on Ms. Donahue's consumer
report.

15.    The first Meyer employee falsely threatened by statement or implication that
Meyer would file a lawsuit against Ms. Donahue.

16.    The first Meyer employee falsely threatened by statement or implication that the
filing of a lawsuit by Meyer against Ms. Donahue was imminent.

17.    The first Meyer employee falsely threatened by statement or implication that even
if Ms. Donahue disputed the debt, the dispute would not stop Meyer from proceeding with the
filing of a lawsuit against Ms. Donahue.

18.    The FDCPA does not require the consumer to provide *any reason at all* in order
to dispute a debt. *Sambor v. Omnia Credit Servs.*, 183 F. Supp. 2d 1234 (D. Haw. 2002);
(*Mendez v. M.R.S. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled
to dispute the validity of a debt for a good reason, a bad reason, or no reason at all); *Whitten v.
ARS National Servs. Inc.*, 2002 WL 1050320 *4 (N.D. Ill. May 23, 2002) (imposing a
requirement that a consumer have a 'valid' reason to dispute the debt is inconsistent with
FDCPA); *Castro v. ARS National Servs., Inc.*, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *Frey
v. Satter, Beyer & Spires*, 1999 WL 301650 (N.D. Ill. May 3, 1999); *DeSantis v. Computer
Credit, Inc.,* 269 f.3d 159 (2nd Cir. 2001); *Mejia v. Marauder Corporation,* 2007 WL 806486

5

(N.D. Cal. 2007) (unlawful to suggest that proof of payment required for dispute).  The FDCPA allows the consumer to orally dispute a debt.  *Brady v. The Credit Recovery Company, Inc.,* 160 F.3d 64 (1st Cir. 1998).  The FDCPA does not limit the period of time in which a consumer may dispute a debt.

19.     The second Meyer employee falsely stated or implied to Ms. Donahue that Ms. Donahue could not dispute the debt by telephone.

20.     The second Meyer employee falsely stated or implied to Ms. Donahue that Ms. Donahue could only dispute the debt in writing.

21.     The second Meyer employee falsely stated or implied to Ms. Donahue that to dispute the debt, Ms. Donahue was required to dispute the debt in writing, by March 18, 2010.

22.     The second Meyer employee falsely stated or implied to Ms. Donahue that Ms. Donahue's oral statement by telephone that she disputed the debt was not a dispute.

23.     The second Meyer employee falsely stated or implied to Ms. Donahue that Ms. Donahue's statement that she disagreed with the amount of the debt was not considered to be a dispute of the debt.

24.     The second Meyer employee falsely stated or implied to Ms. Donahue that in order to dispute the debt, Ms. Donahue was required to provide Meyer with a reason why she disputed the debt.

25.     The second Meyer employee falsely stated or implied to Ms. Donahue that Ms. Donahue could not dispute the debt unless she was claiming that the charges were false, fraudulent or the like.

26.     The acts and omissions of Meyer and its employees were done wilfully.

6

27. Meyer and its employees wilfully violated the FDCPA, MCPA and MOC.

28. As an actual and proximate result of the acts and omissions of Meyer and its employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which she should be compensated in an amount to be established by jury and at trial.

**V.      Claims for Relief**

**Count 1– Fair Debt Collection Practices Act**

29. Plaintiff incorporates the foregoing paragraphs by reference.

30. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

a) Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse plaintiff in connection with the collection of a debt;

b) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

c) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

d) Defendant violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

7

c)      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d)      Such further relief as the court deems just and proper.

### Count 2– Michigan Collection Practices Act

31.      Plaintiff incorporates the foregoing paragraphs by reference.

32.      Defendant has violated the MCPA. Defendant's violations of the MCPA include,

but are not necessarily limited to, the following:

a)      Defendant violated M.C.L. § 445.252(e) by making an inaccurate, misleading,

untrue, or deceptive statement or claim in a communication to collect a debt;

b)      Defendant violated M.C.L. § 445.252(f) by misrepresenting in a communication

with a debtor the following: (i) the legal status of a legal action being taken or

threatened; and (ii) the legal rights of a creditor or debtor; and

c)      Defendant violated M.C.L. § 445.252(q) by failing to implement a procedure

designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)      Actual damages pursuant to M.C.L. § 445.257(2);

b)      Treble the actual damages pursuant to M.C.L. § 445.257(2);

c)      Statutory damages pursuant to M.C.L. § 445.257(2); and

d)      Reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2).

### Count 3– Michigan Occupational Code

33.      Plaintiff incorporates the foregoing paragraphs by reference.

34.      Defendant has violated the MOC. Defendant's violations of the MOC

include, but are not necessarily limited to, the following:

8

a)   Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading,
     untrue, or deceptive statement or claim in a communication to collect a debt;

b)   Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication
     with a debtor the following: (i) the legal status of a legal action being taken or
     threatened; and (ii) the legal rights of a creditor or debtor; and

c)   Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure
     designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)   Actual damages pursuant to M.C.L. § 339.916(2);

b)   Treble the actual damages pursuant to M.C.L. § 339.916(2);

c)   Statutory damages pursuant to M.C.L. § 339.916(2); and

d)   Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).


**Demand for Trial by Jury**

Plaintiff demands trial by jury.

Dated: March 8, 2010

$\mathcal{RPC}$

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com

9